**Gloria AIELLO, Plaintiff/Appellant,**

v.

**ST. LOUIS COMMUNITY COLLEGE DISTRICT, Defendant/Respondent.**

**No. 60443.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 5, 1992.

**2.** Since 1989, all jurors must sign a verdict regardless of unanimity or the lack thereof. See RSMo § 494.490 (1989 Supp.).

Rothman, Sokol, Adler, Barry & Sarachan, Richard A. Barry, III, Richard L. Swatek, St. Louis, for plaintiff/appellant.

Evans & Dixon, Kathi L. Chestnut, St. Louis, for defendant/respondent.

KAROHL, Judge.

Plaintiff employee, Gloria Aiello, appeals from an order dismissing both counts of her first amended petition for failure to state a cause of action against defendant, St. Louis Community College District. Count I alleges wrongful discharge and Count II alleges negligent supervision by the Board of Trustees of the Vice–Chancellor's claims for reimbursement of expenditures. On appeal plaintiff claims the court erred in dismissing the cause of action because: (1) defendant is not shielded by sovereign immunity; and, (2) on Count I, plain-

tiff falls within the public policy exception to the employee at will doctrine. We affirm.

Plaintiff worked as an administrative assistant to the Vice–Chancellor of St. Louis Community College from October 1985, until January 1990. Plaintiff's petition alleges she objected to preparing the Vice–Chancellor's expense reimbursement reports because they were larcenous and fraudulent in that "he was using taxpayer money to pay for his personal leisure related expenses." She further alleges the Vice–Chancellor threatened termination as a result of her objections to his report, and that all of the Vice–Chancellor's and the Board's acts were done in the scope of their duties as administrators of defendant. Plaintiff asserts she was placed in the "intolerable position of having to assist [the Vice–Chancellor] in his misappropriating the college's funds and property and thereby herself committing a class A misdemeanor by tampering with a public record in violation of § 575.110 or to leave the employ of the college." As a result of the foregoing plaintiff claims she was coerced into leaving her employment in a clear violation of public policy against misappropriating public funds or property, and against stealing by deceit.

Defendant filed its Motion to Dismiss and/or Strike arguing: (1) immunity to suit under the doctrine of sovereign immunity; and (2) failure to state a claim upon which relief can be granted. It claims plaintiff failed to state a claim because her allegations do not set forth a violation of public policy as expressed in the case law, statutes or regulations of this state; there is no public policy exception to the employee at will doctrine; and, Missouri does not recognize a cause of action for negligent failure to supervise employees. The court sustained the motion to dismiss with prejudice without stating the reason for its decision. Plaintiff now appeals.

Plaintiff's first claim of error is: "THE TRIAL COURT IMPROPERLY GRANTED DEFENDANT'S MOTION TO DISMISS FOR THE REASON THAT THE ST. LOUIS COMMUNITY COLLEGE DIS-

TRICT DOES NOT ENJOY SOVEREIGN IMMUNITY UNLESS PERFORMING A GOVERNMENTAL FUNCTION." Plaintiff's point relied on does not specify whether sovereign immunity is inapplicable to the wrongful discharge claim, the negligence claim or both. The argument portion of the brief is of no help because it totally lacks any application of the facts to the relevant case law.

Defendant responds to this point by saying it is immune from suit on both counts. The reason being defendant's acts were not proprietary functions and not one of the two exceptions to statutory sovereign immunity. Defendant further argues plaintiff did not plead facts sufficient to show the administrative operation of the school district is proprietary.

■■■ In reviewing a motion to dismiss we examine the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorable to plaintiff to determine whether they invoke principles of substantive law. *Southwestern Bell Telephone Co. v. Buie,* 689 S.W.2d 848, 849–50 (Mo.App.1985). Where the trial court does not specify reasons for dismissal, we may assume the trial court acted for one or more of the grounds asserted in the defendant's motion. *State ex inf. Riederer v. Collins,* 799 S.W.2d 644, 647 (Mo.App. 1990). We must affirm the trial court's dismissal when it does not state why it granted the dismissal if any ground asserted in defendant's motion is valid. *Id.*

When enacting § 537.600 RSMo 1978 the legislature restricted the doctrine of sovereign immunity to that as it existed prior to the Supreme Court's decision in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). There are several statutory exceptions to this doctrine which are not applicable in this case. Sovereign immunity prior to *Jones* applied to a school district as a political subdivision of the state. *O'Dell v. School District of Independence,* 521 S.W.2d 403, 404 (Mo. banc 1975). It is entitled to the same sovereign immunity to suits on negligence as the state itself. *Id.* This immunity applies to suits for negligence and intentional torts. *State of Missouri ex rel. Missouri Division of Family Services v. Moore,* 657 S.W.2d 32, 35 (Mo.App.1983). However, our Supreme Court in *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo. banc 1979) did not apply this blanket rule of immunity. The *Barker* court applied the proprietary-governmental distinction to a defendant school district's operation of a radio station. As succinctly pointed out by Judge Satz of this court in *Taylor v. Klund,* 739 S.W.2d 592, 593 (Mo.App.1987) more recent decisions of the Missouri Supreme Court "cast doubt on applying the proprietary-governmental distinction to school districts." If we apply the governmental-proprietary distinction to school districts, defendant in this case was performing a government function and therefore, is immune to suit.

■■■ The distinction between governmental and proprietary duties is sometimes obscure. Generally, an act classified as a governmental duty is one performed for the common good of all. *Davis v. City of St. Louis,* 612 S.W.2d 812, 814 (Mo.App. 1981). It is one which is performed by the governmental unit as an agent of the state. *Allen v. Salina Broadcasting, Inc.,* 630 S.W.2d 225, 227 (Mo.App.1982). A proprietary function entails those acts performed for the special benefit of the municipal corporation,[1] *Davis,* 612 S.W.2d at 814, in that it provides local necessities and conveniences to its own citizens. *Allen,* 630 S.W.2d at 227.

■■■ Here, acts of the Vice–Chancellor and his staff, as school administrators, are clearly within the government side of the dichotomy. Plaintiff expressly states in her petition the acts alleged to be tortious were done within the scope of administrative duties of a school administrator. Their role is to carryout the governmental mandate for education within the context of the Junior College District. The administra-

---

1. Historically the government-proprietary distinction was developed in cases involving municipalities. It now applies to all municipal corporations.

tor's duties associated with this mandate may take him or her to places and functions where expenses are incurred for which reimbursement is appropriate. The act of filing an expense report is a necessary incident to fulfillment of this role. There is no special benefit in this act, nor has plaintiff provided us with any reason to construe this act as proprietary.

■ As to the claim of negligent supervision, sovereign immunity also applies. Plaintiff asserts the Board of Trustees for the district is charged with supervising "the districts financial outlays." She assigns negligence in the Board's failure to discover and stop the alleged fraudulent expense reimbursement requests. Again, plaintiff advances no reason why the management of school district funds or its employees' handling of such funds is not a government function. Plaintiff alleged in her petition the Board acted within the scope of its administrative duties. The allocation of monies, the purpose of which is to facilitate the higher education of the state's citizenry, is an act the trustees perform as agents of a municipal corporation. Supervision of school district employees allowed to utilize these funds to further the educational goals of the district is, as well, fulfilling a governmental function.

We find the defense of sovereign immunity applies to both counts. The school district, as a political subdivision of this state, is entitled to claim sovereign immunity as a defense to tort suits. Should it be necessary to apply the governmental-proprietary dichotomy to school districts, the defendant is still immune to suit. Defendant's activities in this case were government functions. Accordingly, the trial court did not err in dismissing plaintiff's petition for failure to state a cause of action.

Given our decision on Point I we need not decide plaintiff's second point on appeal.

Judgment affirmed.

SMITH, P.J., and AHRENS, J., concur.