

# *In the*
# *Missouri Court of Appeals*
## *Western District*

| | | |
|---|---|---|
| **STATE OF MISSOURI ex rel.** | ) | |
| **MISSOURI DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Relator,** | ) | **WD87421** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **SEPTEMBER 24, 2024** |
| **THE HONORABLE** | ) | |
| **DANIEL R. GREEN,** | ) | |
| **CIRCUIT JUDGE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### ORIGINAL PROCEEDING IN PROHIBITION

Before Writ Division:  Cynthia L. Martin, Presiding Judge, Lisa White Hardwick, Judge and Gary D. Witt, Judge

On August 12, 2024, B.Z. initiated a contempt proceeding against the Missouri Department of Corrections ("Department of Corrections"), seeking to enforce a 2017 Permanent Injunction entered in Case No. 17AC-CC00213, an action brought by D.G. against the Department of Corrections, in the Circuit Court of Cole County, Missouri. The Permanent Injunction addressed which version of sections 217.735.1 and 559.106.1 the Department of Corrections could enforce to require an offender to submit to lifetime supervision, including electronic GPS monitoring, for specified sexual offenses.  On the same day the contempt proceeding was filed, the Honorable Daniel R. Green

("Respondent") entered an order ("Order") that directed the Department of Corrections to appear on October 1, 2024, to show cause why it should not be held in contempt, and that ordered the Department of Corrections to release B.Z. from lifetime supervision, including electronic GPS monitoring, no later than forty-eight hours after the Order's entry.

The Department of Corrections filed a petition for writ of prohibition or, in the alternative, mandamus ("Writ Petition") seeking to prohibit Respondent from taking any further action other than vacating his Order and seeking an emergency stay order. Just prior to the 48-hour deadline imposed by the Order, we issued a stay prohibiting any further action from being taken in Case No. 17AC-CC00213. After considering suggestions in opposition to the Writ Petition, we issued a preliminary writ of prohibition prohibiting Respondent or anyone else from taking any action to enforce the Order.

Because B.Z. cannot establish that the Department of Corrections violated the Preliminary Injunction by requiring B.Z. to submit to lifetime supervision, including electronic GPS monitoring, our preliminary writ of prohibition is made absolute.

**Factual and Procedural Background**

*The History of Section 217.735 and Section 559.106*

In 2005, the General Assembly enacted section 217.735 and section 559.106 to address lifetime supervision for certain sexual offenses. Section 217.735 applies when an offender is found guilty of and is incarcerated for a designated offense, and section 559.106 applies when an offender is found guilty of and placed on probation for a designated offense. As enacted in 2005, section 217.735.1 and section 559.106.1 listed a

2

series of sexual offense statutes, and provided that lifetime supervision, including electronic GPS monitoring, would be required for each of the offenses if based on an act committed on or after August 28, 2005, against a victim who was less than fourteen years old, by an offender who is a prior sex offender as defined by subsection .2 of sections 217.735 and 559.106.

The General Assembly amended both statutes in its 2006 session, with the amendments taking effect on June 5, 2006 (the "2006 amendments").  The 2006 amendments to section 217.735.1 and section 559.106.1 listed the same sexual offense statutes as were set forth in the 2005 version of the statutes, but appeared to create two categories of offenses, so that some of the offenses would require lifetime supervision regardless the victim's age and the offender's prior sex offender status, while others would require lifetime supervision only if the victim was less than fourteen years old and the offender was a prior sex offender.  After the 2006 amendments, section 217.735.1 provided:

> Notwithstanding any other provision of law to the contrary, the [probation and parole] board shall supervise an offender for the duration of his or her natural life when the offender has pleaded guilty to or been found guilty of an offense under section 566.030, 566.032, 566.060, or 566.062 based on an act committed on or after August 28, 2006, or the offender has pleaded guilty to or has been found guilty of an offense under section 566.067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, or 568.090 based on an act committed on or after August 28, 2006, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section.

After the 2006 amendments, section 559.106.1 similarly provided:

> Notwithstanding any statutory provision to the contrary, when a court grants probation to an offender who has pleaded guilty to or has been found

3

guilty of an offense in section 566.030, 566.032, 566.060, or 566.062, based on an act committed on or after August 28, 2006, or the offender has pleaded guilty to or has been found guilty of an offense under section 566.067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, or 568.090, based on an act committed on or after August 28, 2006, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section, the court shall order that the offender be supervised by the board of probation and parole for the duration of his or her natural life.

For ease of reference, we refer in this opinion to sections 566.030, 566.032, 566.060, and 566.062 as "Category One offenses," and to sections 566.067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, and 568.090 as "Category Two offenses."

In conjunction with revisions to the criminal code in 2014 which became effective on January 1, 2017, the General Assembly again amended sections 217.735 and 559.106 (the "2017 amendments").  Following the 2017 amendments, section 217.735.1 provided:

1. Notwithstanding any other provision of law to the contrary, the [probation and parole] board shall supervise an offender for the duration of his or her natural life when the offender has been found guilty of an offense under:

(1) Section 566.030, 566.032, 566.060, 566.062, 566.067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, or 568.090 based on an act committed on or after August 28, 2006; or

(2) Section 566.068, 566.069, 566.210, 566.211, 573.200, or 573.205 based on an act committed on or after January 1, 2017, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section.

Following the 2017 amendments, section 559.106.1 similarly provided:

Notwithstanding any statutory provision to the contrary, when a court grants probation to an offender who has been found guilty of an offense in:

(1) Section 566.030, 566.032, 566.060, 566.062, 566.067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, or 568.090, based on an act committed on or after August 28, 2006; or

4

(2) Section 566.068, 566.069, 566.210, 566.211, 573.200, or 573.205 based on an act committed on or after January 1, 2017, against a victim who was less than fourteen years of age and the offender is a prior sex offender as defined in subsection 2 of this section;

the court shall order that the offender be supervised by the board of probation and parole for the duration of his or her natural life.

The 2017 amendments added additional structure to sections 217.735.1 and 559.106.1 with subsections (1) and (2). Section 217.735.1(1) and section 559.106.1(1) subjected all Category One and Category Two offenses to lifetime supervision for acts committed on or after August 28, 2006, without regard to the age of the victim, and without the requirement that the offender be a prior sex offender. Section 217.735.1(2) and section 559.106.1(2) identified additional criminal offenses not previously referenced in either statute that would require an offender to be subject to lifetime supervision for acts committed on or after January 1, 2017, but only where the victim was less than fourteen years old and the offender is a prior sex offender.

### The 2017 Permanent Injunction

In April 2017, D.G.[1] filed a petition seeking preliminary and permanent injunctions and seeking a declaratory judgment ("Petition") against the Department of Corrections in the Circuit Court of Cole County in Case No. 17AC-CC00213. D.G. had been convicted of a violation of section 566.083, RSMo 2000 & Supp. 2009, for acts committed in December 2009. Section 566.083 is a Category Two offense. The versions of section 217.735.1 and 559.106.1 in effect as of December 2009 required a person

---

[1]D.G. is not a party to the proceedings giving rise to the Writ Petition.

convicted of a Category Two offense to have victimized a person less than fourteen years old and to be a prior sex offender before lifetime supervision could be imposed. The 2017 amendments to sections 217.735.1 and 559.106.1 subjected Category Two offenders to lifetime supervision for any act committed on or after August 28, 2006, without first finding that an offender is a prior sex offender whose victim was less than fourteen years old. The Petition challenged the constitutionality of the 2017 amendments to sections 217.735 and 559.106 as violative of the prohibition against *ex post facto* and retrospective laws.[2]

D.G. and the Department of Corrections agreed to the terms of a consent preliminary injunction ("Consent Preliminary Injunction"), and filed the Consent Preliminary Injunction on May 22, 2017.[3] Relevant to this case, the Consent Preliminary Injunction reflected the parties' agreement that: (1) for those offenders who have been found guilty of a Category Two offense (that is, an offense under section 566.067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, or 568.090) based on acts committed on or after August 28, 2006, but before January 1, 2017, the Department of Corrections would be enjoined from enforcing section 217.735.1(1) and section 559.106.1(1) as amended in 2017, and would instead be required to apply section 217.735.1 and section 559.106.1, as amended in 2006; (2) for those offenders who have

---

[2]*See* MO. CONST. art. I, section 13.

[3]The Consent Preliminary Injunction erroneously recites that the 2006 amendments to sections 217.735 and 559.106 took effect on August 28, 2006. Though the 2006 amendments to sections 217.735 and 559.106 apply to acts committed on or after August 28, 2006, they took effect on June 6, 2006.

been found guilty of a Category Two offense (that is, an offense under section 566.067, 566.083, 566.100, 566.151, 566.212, 566.2113, 568.020, 568.080, or 568.090) based on acts committed on or after January 1, 2017, the Department of Corrections would not be enjoined from enforcing sections 217.735.1 and 559.106.1, as amended in 2017; and (3) for those offenders who have been found guilty of a Category One offense (that is, an offense under section 566.030, 566.032, 566.060, 566.062, 566.068, 566.069, 566.210, 566.211, 573.200, or 573.205), the Department of Corrections would not be enjoined from enforcing sections 217.735.1 and 559.106.1, as amended in 2017, which meant the 2017 amendments could be enforced for Category One offenses based on acts committed on or after August 28, 2006.

The practical effect of the Consent Preliminary Injunction was to subject Category One offenses based on acts committed on or after August 28, 2006, to lifetime supervision without the need to find both that a victim was less than fourteen years old and that the offender was a prior sex offender. The practical effect of the Consent Preliminary Injunction was to subject Category Two offenses to lifetime supervision without condition if based on acts committed on or after January 1, 2017, but subject to the conditions that the victim was less than fourteen years old and the offender was a prior sex offender if based on acts committed on or after August 28, 2006 and before January 1, 2017.

On September 18, 2017, the Consent Preliminary Injunction was converted by agreement into a permanent injunction ("Permanent Injunction") by the trial court in Case No. 17AC-CC00213. According to the terms of the Consent Preliminary Injunction, the

7

Permanent Injunction will remain in force and effect until termination by agreement of the parties, by order of the court, or by any change in the law the renders the injunction no longer effective or appropriate.

*B.Z.'s Effort to Enforce the Permanent Injunction*

In 2016, B.Z. pleaded guilty[4] to two counts of first-degree child molestation in violation of section 566.067 (a Category Two offense), and four counts of first-degree statutory sodomy in violation of section 566.062 (a Category One offense). All six crimes were perpetrated against a victim who was less than fourteen years old. The crimes were charged and convicted based on acts committed between August 28, 2006, and January 1, 2017. It does not appear from the record that B.Z. was a prior sex offender at the time of his crimes or convictions. B.Z. was sentenced to five years' incarceration for each of the six counts, with the sentences ordered to run concurrently.

On December 1, 2021, ahead of his anticipated December 6, 2021 release from the Department of Corrections, B.Z. was required to sign an order of lifetime supervision form, a global positioning agreement - discharged lifetime supervision form, and a lifetime supervision determination and requirements form. The preprinted portions of the order of lifetime supervision form, and the lifetime supervision determination and requirements form, collectively provide that "pursuant to section 217.735 and 559.106," the offender has pled guilty or been found guilty of an offense requiring lifetime

---

[4]The phrase "found guilty" as appears in the revisions to the criminal code enacted in 2014, and effective as of January 1, 2017, encompasses guilty pleas. *Wagner v. Bowyer*, 559 S.W.3d 26, 30-31 (Mo. App. E.D. 2018).

supervision, including electronic GPS monitoring.[5] In the field on the order for lifetime supervision form where the "offense" is required to be identified, B.Z.'s form was completed to state "statutory sodomy 1st Degree (4 counts)," referring to his convictions for violating section 566.062, a Category One offense.

On August 12, 2024, B.Z. filed a verified motion for show cause order and other relief ("Motion for Show Cause Order") in the Circuit Court of Cole County under the same case number the Permanent Injunction was entered in 2017. B.Z. sought an order requiring the Department of Corrections to show cause why it should not be held in contempt for violating the Permanent Injunction. B.Z. claimed that he was not a prior sex offender, and that the Department of Corrections' application of the 2017 amendments of section 217.735.1 and section 559.106.1 to him constitute the *ex post facto* and retrospective application of laws in violation of the Permanent Injunction. On the same day that B.Z. filed the Motion for Show Cause Order, the Respondent entered the Order directing the Department of Corrections to appear on October 1, 2024, to show cause why it should not be adjudged and held in contempt of court for its refusal to comply with the Permanent Injunction, and directing the Department of Corrections to release B.Z. from lifetime supervision, including electronic GPS monitoring, no later than forty-eight hours after the Order's entry.

---

[5]Because B.Z. was sentenced to five years' incarceration for each of his convictions, and was not placed on probation, the preprinted forms' references to section 559.106 are not relevant to his case and can be disregarded.

The Department of Corrections filed the Writ Petition and asserted that the Respondent exceeded his authority in entering the Order because the Department of Corrections was not enjoined by the Permanent Injunction from enforcing the 2017 amendments to section 217.735.1 and section 559.106.1 for violations of section 566.062 (a Category One offense). We stayed all further proceedings in Case No. 17AC-CC00213 just moments before the expiration of the deadline to release B.Z. from lifetime supervision imposed by the Order. We also ordered Respondent to file suggestions in opposition to the Writ Petition.

On August 22, 2024, after considering the Writ Petition, the suggestions in opposition to the Writ Petition, and the exhibits filed by the parties, we issued a preliminary writ of prohibition that prohibited the Respondent or any other party from taking any action to enforce the Order. We dispensed with further briefing and oral argument as permitted by Rule 84.24.[6]

**Standard Applicable to Writs of Prohibition**

"Prohibition is a powerful writ, divesting the body against whom it is directed to cease further activities." *Doe v. Frisz*, 643 S.W.3d 358, 364 (Mo. banc 2022) (quoting *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998)). There are three scenarios in which a writ of prohibition is appropriate:

> (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as

---

[6]All Rule references are to *Missouri Court Rules, Volume I -- State, 2024*, unless otherwise noted.

10

intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Morales v. Alessi*, 679 S.W.3d 467, 471 (Mo. banc 2023) (quoting *State ex rel. Barron v. Beger*, 655 S.W.3d 356, 359-60 (Mo. banc 2022)). "The essential function of prohibition is to correct or prevent inferior courts . . . from acting without or in excess of their jurisdiction." *State ex rel. Adams v. Crane*, 652 S.W.3d 402, 405 (Mo. App. W.D. 2022) (quoting *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 229-30 (Mo. banc 2017)). While we typically do not issue a writ of prohibition to correct interlocutory error, "'[i]f a party cannot state facts sufficient to justify court action or relief, it is fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation'" and "'is . . . a waste of judicial resources and taxpayer money.'" *State ex rel. City of Lee's Summit v. Garrett*, 568 S.W.3d 515, 519 (Mo. App. W.D. 2019) (quoting *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009)).

## Analysis

B.Z.'s Motion for Show Cause Order sought a finding that the Department of Corrections had "willfully, contumaciously, [and] intentionally disregarded" the terms of the Permanent Injunction, and requested that the Department of Corrections be found in civil contempt for failing to obey the Permanent Injunction. The Respondent issued his August 12, 2024 Order, and effectively found the Department of Corrections to have violated the Permanent Injunction, as the Order directed the near immediate release of B.Z. from lifetime supervision. If the Permanent Injunction permitted the Department of

11

Corrections to require B.Z. to submit to lifetime supervision, the Respondent exceeded his authority in entering the Order.

"The judicial power granted to the courts by the constitution is the power to perform what is generally recognized as **the judicial function--the trying and determining of cases in controversy**." *State ex rel. Grooms v. Privette*, 667 S.W.3d 92, 95 (Mo. banc 2023) (quotation omitted). The power to perform the judicial function includes "those incidental powers which are necessary and proper to the performance of that function." *Id.* (quotation omitted). Those incidental powers include the court's "inherent power to punish contemptuous acts and to preserve and vindicate the law's power and dignity." *Estate of Johnson v. Kranitz*, 168 S.W.3d 84, 92 (Mo. App. W.D. 2005) (emphasis omitted). "Disobedience of a valid judgment or order, which the court has jurisdiction to enter, interferes with the administration of justice and constitutes contempt." *Id.*

Civil contempt is a remedial action that is used to "compel compliance with the relief granted in an order, judgment, or decree." *Taormina v. Taormina*, 639 S.W.3d 482, 493 (Mo. App. W.D. 2021) (quoting *Jones v. Jones*, 296 S.W.3d 526, 528 (Mo. App. W.D. 2009)). Civil contempt is appropriate if the record shows both that the "individual had an obligation to perform or refrain from some action under a court order, and . . . the individual failed to meet that obligation." *Chemline Inc. v. Mauzy*, 618 S.W.3d 701, 706 (Mo. App. E.D. 2021).

The Permanent Injunction includes three clear and unambiguous orders relating to the Department of Corrections' ability to enforce section 217.735.1 by requiring an

12

offender to submit to lifetime supervision, including electronic GPS monitoring. First, if an offender has been found guilty of a Category Two offense based on acts committed on or after August 28, 2006, but before January 1, 2017, the Department of Corrections shall apply the 2006 amendments to section 217.735.1, so that the offender is only subject to lifetime supervision if he is a prior sex offender and the victim was less than fourteen years old. Second, if an offender has been found guilty of a Category Two offense based on acts committed on or after January 1, 2017, the Department of Corrections shall apply the 2017 amendments to section 217.735.1, so that the offender is subject to lifetime supervision regardless the age of the victim or the offender's status as a prior sex offender. Third, if an offender has been found guilty of a Category One offense, the Department of Corrections is not enjoined from enforcing the 2017 amendments to section 217.735.1, so that the offender is subject to lifetime supervision for offenses based on acts committed on or after August 28, 2006, regardless the age of the victim or the offender's status as a prior sex offender.

In 2016, B.Z. pleaded guilty to two counts of first-degree child molestation in violation of section 566.067, a Category Two Offense. He also pleaded guilty to four counts of first-degree statutory sodomy in violation of section 566.062, a Category One offense. B.Z.'s offenses were based on acts committed on or between August 1, 2012, and April 27, 2013. B.Z. concedes his victim or victims were less than fourteen years old. However, no one contends that B.Z. was a prior sex offender at the time of his offenses or convictions. When B.Z. completed his term of incarceration, the Department

13

of Corrections required him to submit to lifetime supervision, but only with respect to his four convictions for violating section 566.062, a Category One offense.

Under the plain terms of the Permanent Injunction, the Department of Corrections was required to apply the 2006 amendments to section 217.735.1 to B.Z.'s convictions for violating section 566.067, a Category Two offense, based on acts committed between August 28, 2006 and January 1, 2017. The Department of Corrections abided by the terms of the Permanent Injunction for these convictions, as it did not require B.Z. to submit to lifetime supervision for his section 566.067 offenses.

Under the plain terms of the Permanent Injunction, the Department of Corrections was not enjoined from applying the 2017 amendments to section 217.735.1 to B.Z.'s convictions for violating section 566.062, a Category One offense, even though said offenses were based on acts committed prior to January 1, 2017. When the Department of Corrections required B.Z. to submit to lifetime supervision, including electronic GPS monitoring, in connection with his Category One offenses, it was acting as authorized by the Permanent Injunction.

Respondent nonetheless argues that permitting the Department of Corrections to require B.Z. to submit to lifetime supervision for a Category One offense based on acts committed prior to January 1, 2017, constitutes *ex post facto* and retrospective application of laws in violation of the Missouri Constitution. The argument is based on a construction of the 2006 amendments to section 217.735.1 and 559.106.1 that would read the phrase "against a victim who was less than fourteen years old and the offender is a prior sex offender" as applicable to both Category One and Category Two offenses,

14

instead of only to Category Two offenses. Respondent's suggestions in opposition to the Writ Petition argued that this construction of the 2006 amendments was required because the 2017 amendments to sections 217.735.1 and 559.106.1 changed the law with respect to Category One offenses, demonstrated by "the inclusion in the [2017] amendment[s] of a semi-colon . . . with the disjunctive 'or' and the separate subsection numbering '(2)' with the conjunctive clause of 'and the offender is prior offender.'"

No decisional law has interpreted the 2006 amendments to section 217.735.1 and section 559.106.1 to conclude that the phrase "against a victim who was less than fourteen years old and the offender is a prior sex offender" applies to both Category One and Category Two offenses, instead of only to Category Two offenses. We do not need to resolve that question here.[7] For purposes of B.Z.'s contempt proceedings, all that is relevant is that D.G. and the Department of Corrections agreed that the phrase "against a victim who was less than fourteen years old and the offender is a prior sex offender" in the 2006 amendments to sections 217.735.1 and 559.106.1 applied only to Category Two offenses. When D.G. and the Department of Corrections consented that the 2017

---

[7]As we note, *supra*, B.Z.'s argued construction of the 2006 amendments to sections 217.735.1 and 559.106.1 is hard to reconcile with the fact that those amendments materially varied from the 2005 versions of both statutes because the specified sexual offense statutes were separated, and were no longer listed together as collectively subject to the conditions of the victim's age and the offender's status as a prior sex offender. "[L]egislatures are not presumed to have intended a useless act." *Kilbane v. Dir. of Dep't of Revenue*, 544 S.W.2d 9, 11 (Mo. banc1976) (holding that the interpretation of an amended statute proposed by the appellant "would mean that the . . . amendment made no change in the law[] because the items listed by appellant as taxable under the amended law were taxable before the amendment," so that the amendment would have accomplished nothing and been a useless act).

15

amendments to sections 217.735.1 and 559.106.1 could be enforced for all Category One offenses, including those based on acts committed after August 28, 2006, they were not consenting to the *ex post facto* or retrospective application of a law. Instead D.G. and the Department of Corrections were simply reflecting their agreement that the 2017 amendments to sections 217.735.1 and 559.106.1 did not change the law with respect to Category One offenses because the 2006 amendments to sections 217.735.1 and 559.106.1 already required lifetime supervision for Category One offenses without condition.

We recognize that B.Z. does not agree with this construction of the 2006 amendments to section 217.735.1 and section 559.106.1. However, B.Z.'s disagreement reflects a challenge to the "validity" of the Permanent Injunction, but not a challenge to whether the Department of Corrections complied with the plain terms of the Permanent Injunction. Nothing prohibits B.Z. from bringing an independent declaratory judgment action to ask a court to determine whether application of the 2017 amendments to section 217.735.1 to his convictions for violating section 566.062, a Category One offense, constitutes the *ex post facto* and retrospective application of a law. But, B.Z. is not entitled to circumvent that essential step by claiming that the Department of Corrections is in contempt because it complied with a provision of the Permanent Injunction with which B.Z. does not agree. The purpose of civil contempt is to compel compliance with a previous order, judgment, or decree. *Taormina*, 639 S.W.3d at 493. The use of civil contempt to challenge the validity, and thus seek annulment, of an underlying order,

16

judgment, or decree is inappropriate. *Brown v. Brown*, 680 S.W.3d 507, 521 (Mo. App. W.D. 2023).

Because the Department of Corrections complied with the plain terms of the Permanent Injunction when it required B.Z. to submit to lifetime supervision for his four convictions under section 566.062, the Respondent acted in excess of its authority in entering the Order directing the Department of Corrections to appear to show cause why it should not be held in contempt, and directing the Department of Corrections to release B.Z. from lifetime supervision.

## Conclusion

Our preliminary writ of prohibition is made absolute. Respondent and all others are prohibited from taking any action to enforce the August 12, 2024 Order issued in Case No. 17AC-CC00213 in response to B.Z.'s August 12, 2024 Motion to Show Cause Order. Respondent is further prohibited from taking any other action in response to B.Z.'s August 12, 2024 Motion to Show Cause Order other than to vacate the Respondent's August 12, 2024 Order, and to enter an order dismissing the Motion to Show Cause Order.

_Cynthia L. Martin_____
Cynthia L. Martin, Presiding Judge

All concur

17